IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

        Petitioner,                         No. CIV S-06-2318 MCE GGH P

   vs.

SALINAS VALLEY STATE PRISON, et al.,

        Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed October 20, 2006. Petitioner challenges his 2002 conviction for battery by gassing. He is serving a sentence of three years. Pending before the court is respondent's March 6, 2007, motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully considering the record, the court recommends that the motion be granted.

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On April 8, 2003, the California Court of Appeal affirmed petitioner's judgment of conviction. Respondent's Lodged Document No. 2. Petitioner did not file a petition for review with the California Supreme Court. Therefore, his conviction became final 40 days later on May 19, 2003. See Smith v. Duncan, 297 F.3d 809, 812-813 (9th Cir. 2002). Petitioner had one year from that date, i.e. until May 18, 2004, to file a timely federal petition. The instant action, filed October 20, 2006, is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In the motion to dismiss, respondent states that petitioner filed fifty-five state post-conviction collateral challenges. In his opposition, petitioner claims that he only filed "around eight." In the reply, respondent observes that petitioner has two case numbers: SF085043A and MF026297. Respondent states that petitioner filed numerous petitions in the San Joaquin County Superior Court containing both case numbers. Respondent states that the Superior Court filed the petitions in both cases because they appeared to be exact copies, not distinguishing one case from the next. Respondent states that it is possible that some of the fifty-

1  five petitions do not pertain to the at-issue conviction.  This court has reviewed the record and
2  finds that only the first four petitions are pertinent to this motion as all subsequent petitions were
3  filed at a time when the limitations period had expired even crediting petitioner with all
4  appropriate tolling time.  Any confusion regarding the later petitions is not material.

5  The first petition was filed in the California Court of Appeal on July 12, 2002, and
6  denied July 18, 2002.  Respondent's Lodged Document, nos. 3-4.  The second petition was filed
7  in the California Court of Appeal on February 26, 2003, and denied on March 6, 2003.  Id., nos.
8  5-6.

9  Applying the mailbox rule, it is not entirely clear when the third petition was filed
10 because it contains no proof of service.  Id., no. 7; Houston v. Lack, 487 U.S. 266, 108 S.Ct.
11 2379 (1988) (a pleading is deemed filed when placed in a prison's "legal mailbox.")  The petition
12 contains a file stamp stating that it was received by the California Court of Appeal on June 24,
13 2003, and filed on July 9, 2003.  Id.  The petition was signed by petitioner on February 11, 2002.
14 Id.  Attached to the petition is a form titled "Petition for Writ of Habeas Corpus–Penal
15 Commitment," which was signed by petitioner on June 27, 2003.  Id.   The court can only assume
16 that the date on this form by petitioner is inaccurate because the petition was received by the
17 California Court of Appeal three days earlier.  It is also extremely unlikely that petitioner gave
18 the petition to prison officials for mailing on February 11, 2002, particularly since the form
19 attached to the petition is dated June 2003.

20 Petitioner himself has not attempted to clarify when he mailed the third petition.
21 Accordingly, giving petitioner the benefit of the doubt, the court finds that it was mailed on June
22 20, 2003, i.e. three days before it was received by the state appellate court.  The California Court
23 of Appeal denied the petition on July 17, 2003.  Id., no. 8.

24 The fourth petition was filed February 3, 2006, in the San Joaquin County
25 Superior Court and denied on March 24, 2006.  Id., nos. 9-10.
26 \\\\\

1    Petitioner's first two state habeas petitions were filed *and* denied before the
2 commencement of the limitations period. Therefore, petitioner is not entitled to statutory tolling
3 as to these petitions. The third state habeas petition was filed during the limitations period.
4 Therefore, petitioner is entitled to statutory tolling for the time this petition was pending, i.e. for
5 24 days from June 20, 2003, to July 17, 2003. Adding 24 days to May 8, 2004, would make the
6 limitations period end on June 1, 2004.

7    The Superior Court denied the fourth petition as untimely but also found that
8 several of the untimely claims were without merit. Respondent's Lodged Document No. 10. A
9 state habeas petition denied as untimely is not properly filed for the purpose of statutory tolling.
10 Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S.Ct. 1807 (2005); Bonner v. Carey, 425 F.3d 1145
11 (9th Cir. 2005) as amended 439 F.3d 993 (2006) (a petition denied as untimely and on the merits
12 is not properly filed within the meaning of § 2244(d)(2)). Pursuant to Pace, petitioner is not
13 entitled to statutory tolling as to the fourth petition.

14    Because petitioner is not entitled to statutory tolling as to the fourth petition, the
15 court need not consider the petitions filed after this petition. Accordingly, the instant petition is
16 not timely with statutory tolling because it was filed after June 1, 2004.

17    The court next considers whether petitioner is entitled to equitable tolling. A
18 habeas petitioner bears the burden of proving that equitable tolling should apply to avoid
19 dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).
20 Equitable tolling is available "only if extraordinary circumstances beyond a prisoner's control
21 make it impossible to file a petition on time." Id. (internal quotation omitted).

22    In his March 14, 2007, opposition, petitioner argues that dismissing his case
23 would be a fundamental miscarriage of justice because he is factually innocent. This is not a
24 ground for equitable tolling. Even if it were, and a claim of actual innocence renders the statute
25 of limitations imperative, see Majay v. Roe, 296 F.3d 770 (9th Cir. 2002), petitioner has in no
26 way submitted reliable evidence to back that assertion. Petitioner also states that he could not

4

reach his appellate counsel and his trial counsel refused to answer his letters. Petitioner appears to allege that he wrote counsel letters informing them that he had been convicted based on false evidence.

The failure of petitioner's trial counsel to respond to petitioner's letter alleging that he had been convicted based on false evidence does not constitute an extraordinary circumstance that it made it impossible for petitioner to file a timely federal petition. Petitioner's inability to inform appellate counsel that he had been convicted based on false evidence also does not justify equitable tolling.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 6, 2007, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/17/07

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

yon2318.mtd